IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL GOINGS DANIELS,**

    **Plaintiff,**

    v.                                                                                         CASE NO. 24-3221-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Andrew County Jail Savannah, Missouri. The Court granted Plaintiff leave to proceed in forma pauperis. On December 23, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 6). The Court's screening standards are set forth in the MOSC.

Plaintiff's claims relate to his state criminal proceedings. Plaintiff alleges that in 2022 he filed an "Affidavit of Truth" and a "Mandate to Dismiss" in his state criminal proceedings and received no response from the state court. (Doc. 1, at 2.) Plaintiff alleges that his case went to trial on August 21, 2024, and he filed a motion to dismiss during the trial and again the state court failed to respond and sentenced Plaintiff to six months of incarceration in Wyandotte County. *Id*. Plaintiff alleges that the District Attorney presented Officer Lewis as a witness "which fulfilled the State Constitution but the accuser never came to fulfill the United States Constitution." *Id*. at 3. Plaintiff alleges that the state court ignored his motion alleging due process violations. *Id*. Plaintiff alleges that he was sentenced to six months of incarceration

"despite KSA 8-262 requir[ing] a 5[-]day sentence with a $100 dollar fine, denying one hour recreation, extremely cold facility with inadequate covering or blankets." *Id*. at 4.

Plaintiff also alleges "human trafficking" because he was "farmed out" to another state. *Id*. at 5. Plaintiff alleges that on September 5, 2024, Wyandotte County transported Plaintiff to the Andrew County Jail in Missouri. *Id*. Plaintiff alleges that he was back in Wyandotte County from October 14 to October 17, 2024, and then was returned to Missouri.

Plaintiff names as defendants: the State of Kansas; Robert A. Martinez, Judicial Officer; and Wyandotte County. For relief, Plaintiff seeks $3,570,000 in Federal Reserve Notes, and "the removal of any and all sanction and reinstatement fees, court costs that ha[ve] been placed on [his] commercial license which prevent [him] from the right to life, liberty, and pursuit of happiness and any and all conviction[s] reversed." *Id*. at 6.

The Court held in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff also claims cruel and unjust punishment because he was denied one hour of recreation, and that the facility was extremely cold with inadequate coverings or blankets. (Doc. 1, at 4.) The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff also failed to allege "deliberate indifference" by any defendant.

2

The Court also found that Plaintiff's claim based on human trafficking was subject to dismissal as frivolous and for failure to state a constitutional violation. Plaintiff claims that transferring him to an out-of-state jail constitutes human trafficking. Human trafficking is a criminal offense and Plaintiff does not have a private cause of action to enforce criminal laws. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted).

The Court also found that: the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; Defendant Robert A. Martinez is a state court judge for the Wyandotte County District Court and is entitled to judicial immunity; and Plaintiff's claims against Wyandotte County are subject to dismissal because he has failed to allege a requisite custom or policy or to name a policymaker.

Plaintiff has filed a response to the MOSC, arguing that exhaustion is not required for a § 1983 case. (Doc. 6, at 1–2.) Although exhaustion is required by 42 U.S.C. § 1997e(a), the Court's MOSC did not address exhaustion as a basis for dismissal. Plaintiff continues to attack his conviction in his response, alleging the denial of due process, trial by an impartial jury, and unconstitutional procedures. *Id*. at 2. The remainder of Plaintiff's response alleges a right to travel upon the public highways and argues that traffic infractions are not a crime. *Id*. at 2–3.

Plaintiff's response fails to address the deficiencies noted in the Court's MOSC. Plaintiff has failed to address the *Heck* bar or his failure to allege a sufficiently serious deprivation or facts showing he is incarcerated under conditions posing a substantial risk of serious harm. Plaintiff has also failed to address his human trafficking claim. Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 29, 2025, in Kansas City, Kansas.**

> <u>S/ John W. Lungstrum</u>
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**